DENTON<br>v.<br>WILLCOX.

---

## JOHNSON *v.* JOHNSON.

Where a slave was diseased at the time of the sale to the knowledge of the vendor, and the disease is proved to have rendered her use so inconvenient and imperfect that it must be supposed the purchaser would not have bought her if he had been aware of its existence, she becoming incapable shortly after the sale of doing the work for which she was sold, and continuing so, the sale will be rescinded, and the vendor condemned to repay the price, with interest from the day of sale, and the cost of her medical treatment while in the hands of the purchaser.

APPEAL from the District Court of the the First District, *Bucchanan*, J. M. M. *Reynolds*, for the plaintiff, cited Civil Code, articles 2451, 2496, 2504. 5 Mart. 434. 1 La. 311. 7 La. 517. 19 La. 519,

*Moïse*, for the appellant.

The judgment of the court was pronounced by

ROST, J.* This is an action of redhibition. The plaintiff alleges that he purchased from the defendant, with full warranty, for the sum of $400, the female slave, *Winney*, about eighteen years of age ; that a few weeks after the sale, he discovered that said slave was, and had been before and at the time of the sale, afflicted with an incurable chronic disease; that the use of said slave is, by said disease, rendered so inconvenient and imperfect that the petitioner, had he been aware of it, would not have purchased her at any price whatever: that the defendant knew of the existence of the disease at the time of the sale, and fraudulently concealed it from him : that he has made a tender of the slave to the defendant, and made of him a demand of the price ; and finally that he has sustained damages by the fraudulent conduct of the defendant, as well as by expenses incurred for medical attendance on said slave, and loss of time. He prays that the sale be rescinded, and the defendant adjudged to pay him the sum of $400, with interest and damages. The petition also contains a prayer for general relief.

The answer of the defendant is a general denial. The judgment of the court below was that the sale be rescinded, and that the plaintiff recover from the defendant $400, with legal interest from the date of said sale, and the further sum of $21, expenses incurred in medical treatment of said slave, and that the plaintiff restore the slave *Winney* to the defendant. From this judgment the defendant has appealed.

Five physicians have testified in this controversy. The testimony of two of them supports the allegations of the petition, and is in direct opposition to that of the three others, not only as to the nature of the disease, but also as to the facts of its external appearance. When doctors disagree it is difficult to decide, but we console ourselves with the reflection that the accurate diagnosis of the disease is not perhaps as important as the ascertainment of its effect upon the patient. It is positively proved that, shortly after the purchase, the slave was

---

*Eustis, C. J., having been of counsel, did not sit in this case.

JOHNSON
v.
JOHNSON.

confined to her cabin, and continued incapable of doing the work for she was sold by the defendant.

The defendant was aware that she had a disease of some kind. When he was about selling her, he asked the physician who was in the habit of attending his slaves, whether he could guaranty her as sound. That physician asked her the usual questions to ascertain the symptoms attending a disease of the womb. She replied in the negative, and from the cursory examination he made of her, he told the defendant that he thought he could guaranty her as sound. A short time before she had a miscarriage on board of a vessel on her way to Louisiana. Whether her illness was the result of that accident, as one of the physicians seems to believe, or whether it was produced by a disease independent of it, the slave was unsound at the time of the sale, to the knowledge of the defendant, and her disease is proved to have rendered the use of her so inconvenient and imperfect, that it must be supposed that the plaintiff would not have purchased her if he had been apprized of its existence.

We incline to the opinion of the court below, that the testimony of the two physicians who have attended the slave since she is in the possession of the plaintiff, is entitled to more weight than that of physicians who saw her but once, in relation to the disease alleged. Whether that disease be curable or not, may be a matter of conjecture; but it is an undeniable fact that thus far it has not been cured, and that the plaintiff has not what he bargained for.

*Judgment affirmed.*