Mr. Justice CURTIS
 

 delivered the opinion of the court.
 

 The defendant in error brought his action in the Circuit Court of the United States for the eastern district of Louisiana, founded on the allegations, that he purchased at Hew Orleans, of the plaintiff in error and others, , a vessel called the Ashland, for the sum of $27,500; that the vessel was then partly laden as a general ship for an outward foreign voyage, and ■ it was agreed the purchaser should take on himself the expenses and advantages of that condition of the vessel; that, accordingly, the cargo was completed and the vessel went to sea, but was found to be unseaworthy, returned to Hew Orleans, the cargo was removed,' and the hull examined and ascertained to be so decayed and rotten as to be of no value without very extensive and costly repairs. The court found these facts proved, and allowed to the plaintiff below damages equal to the difference between the price paid and the actual value of the vessel, adding the expenses of the vessel and cargo,, incurred by the plaintiff below by reason of the sale.
 

 The petition averred a fraudulent concealment by the vendors of the defects of the vessel, but the court found this not proved.
 

 The law of Louisiana imposes on-the seller the obligation of warranting the thing sold against its hidden defects. (Civ. Code, arts. 2,450, 2,451.) Hidden defects are those which could not be discovered by simple inspection. (Civ. Code, art. 2,497.) In case the seller desires to rescind the contract by reason of the breach of such a warranty, he may do so by an action of redhibition. But he may also retain the thing sold, and have an action for reduction of the price by reason of the difference in value between the thing as warranted and as it was in fact. (Civ. Code, arts. 2,519, 2,520.) • And in this action only such a part of the price as will indemnify the vendee for the difference between the value of the thing as warranted and the thing actually sold, together with the expenses incurred on the thing, after deducting its fruits, can be recovered. (Civ. Code, arts. 2,522, 2,509.)
 

 
 *392
 
 The Circuit Court appears to have' strictly pursued these rules in framing its judgment..
 

 But it is insisted the defects were apparent, and not hidden defects. We do not think so. Certainly they were .discoverable, but not on what the code terms simple inspection. It was necessary to strip or bore the vessel, to ascertain the state of its frame; and this, we think, the vendee was not bound to do under the law of Louisiana.
 

 It is further argued that the implied warranty does not extend to the soundness of a vessel, because it is known to all, that, from the nature of the thing, it must decay, and the purchaser may be considered as knowing this, and making allowance therefor in the price. It is true that vessels must, after some time, decay; and it is also true that most subjects of sale must at some time becorne of less or of no value. But it is not true that vessels, exposed to sale are generally unsound and unseaworthy. The buyer has no notice, from the nature of the article, that any particular vessel offered to be sold is unseaworthy by reason of the decayed state of that part of its frame which is- concealed from sight. We do not perceive, therefore, why any different rule should be applicable to vessels, from that applied to most other subjects of sale. (See De Armas
 
 v.
 
 Gray et al., 10 Louis. R., 575.)
 

 Another objection is, that the plaintiff below did not offer to restore the vessel. But this proceeds on a misapprehension of the nature of the remedy. In an action of redhibition, such an offer would be necessary. Here, the contract is to stand unrescinded, and the buyer retains the thing, the price only being lessened as much as is necessary to do justice.
 

 It was also argued that this contract was not to be governed by the laws of Louisiana, but by the laws of Hew York, where the vendors resided. But the contract was made and performed in Louisiana, and must be governed by its laws. (Boyle
 
 v.
 
 Zacharie, 6 Peters, 635; Cox
 
 v.
 
 United States, 6 Peters, 172; Bell
 
 v.
 
 Bruin, 1 How., 169.)
 

 The counsel for the plaintiff’ in error also urged, that if the law of Louisiana ought to govern the contract, that law was to be found, not-in the civil code of that State, but in the general commercial • law of the country. Without pausing, upon the difficulties which otherwise might attend this proposition, we. think it sufficient to say, that we-find the subjecfrof.sales,..with the-.obligations which attend them, .regulated by the 'eivil- code -oYLouisiana, and'we seemb sound reason why sales of vessels ; aré. not'within those laws.1"
 

 The-judgment of the Circuit Court is affirmed.