PERE v. DALGARN, Appellant

(February 1, 1926. Opinion and Decree)
(February 15, 1926. Rehearing Refused)
(March 30, 1926. Writ of Certiorari and Review Denied by the Supreme Court.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Obligations—Par. 7, 8, 9.**

When a merchant, on request, sends a customer a price list, and the customer then orders goods in accordance with said price list, there is formed between them a contract for the price and upon conditions mentioned in said price list binding upon both until the merchant announces a change of mind expressly or impliedly.

2. **Louisiana Digest—Sales—Par. 240, 250.**

A buyer who has used the thing cannot sue for redhibition, but he may claim a diminution of the price for vices or defects.

3. **Louisiana Digest—Sales—Par. 250, 252. Prescription—Par. 93.**

A purchaser sued for the price, may claim a diminution for defects or vices notwithstanding the prescription of the action quanti minoris.

Appeal from the Civil District Court, Division "A", Hon. H. C. Cage, Judge.

Action by H. J. Pere against L. M. Dalgarn for collection of an open account. There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

Sol Weiss, Weiner, Yarrut and Stich, of New Orleans, attorneys for plaintiff, appellee.

Hubert M. Ansley, of New Orleans, attorney for defendant, appellant.

OPINION

CLAIBORNE, J. This is a suit on an open account.

The plaintiff avers that he is the assignee of the claim of the American Sales Company against the defendant; that the said American Sales Company sold and delivered to the defendant the goods mentioned in the annexed itemized accounts amounting to Seven Hundred and Sixty-nine 15-100 dollars which plaintiff claims from defendant.

The bills annexed call for; July 29, 1919:
1st 2000 lbs. 40% dynamite at $21.50 per cwt. _____$430.00

1000 4-ft. elec. blasting caps $7.80 less 15% _____ 66.30

$496.30

August 14, 1919:

2nd 400 elec. blasting fuses at $7.80 less 15% _____$ 26.52
September 15, 1919:
3rd 300 4-ft. same _____$ 19.89

4th 300 lbs. dynamite at $22.75 per
    cwt. _____ 68.25
    500 feet safety fuse _____ 5.00
    500 blasting caps _____ 9.50
    100 electric fuses _____ 7.02
October 10, 1919:
5th · 300 lbs. 40% dynamite at $22.75 · 68.25
    500 blasting caps _____ 9.50
    500 feet safety fuses _____ 5.00
    200 electric fuses _____ 14.04

                   $729.27

    Balance_____ 39.88
    Total_____$769.15

The defendant answered that his dealings with the American Sales Company were on the basis of the conditions and prices contained in a certain communication dated February 26, 1919, addressed to him by the American Sales Company.

This communication reads as follows:

"New Orleans, February 26, 1919.
"Mr. L. M. Dalgarn,
    "New Orleans, La.
. "Dear Sir:

"Answering your much appreciated favor of the 24th inst., and in line with your wishes, we take pleasure in quoting you the following extreme lowest prices:

"The following prices are F. O. B. Chatawa, Miss.; 40% dynamite will be $23.25 per 100 lbs. in 1000-lb. lots; $22 per 100 lbs. in ton lots; 30% dynamite will be $21.38 per 100 in 100-lb. lots and $20.25 per 100 lbs. in ton lots. All of our prices and conditions set forth herein are submitted to you in the very strictest of confidence, which we ask you to keep them, and are as close as we can possibly figure. Hoping that it may be our pleasure to serve you, and, awaiting your commands, we are

        "Yours very truly,
  "THE AMERICAN SALES COMPANY."
Article C. C., 1803 (1797) reads as follows:

"But when one party proposes, and the other assents then the obligation is complete, and by virtue of the right each has impliedly given to the other, either of them may call for the aid of the law to enforce it." Ryder vs. Frost, 3 La. Ann. 525.

Art. 1804 (1798):

"The acceptance needs not be made by the same act, or in point of time, immediately after the proposition; if made at any time before the person who offers or promises has changed his mind, or may reasonably be presumed to have done so, it is sufficient." 9 Cyc. 247-257-300.

The proposal contained in the letter of February 26, 1919, ripened into a contract between the plaintiff and the defendant the moment the latter ordered materials in accordance with it.

1 Bandry-Lac on Obligations, p. 38 S. 30:

"We must note on this subject that merchants who announce in circulars, prospectuses, price lists, or advertisements the conditions of their business are in a permanent state of offers as regards the public, as long as they have not withdrawn their propositions. It follows that an order conforming to their conditions constitutes an acceptance and forms as soon as it has come to the knowledge of the merchant a binding tie."

The defendant in his brief admits the soundness of the above conclusions. He says:

"Had Dalgarn given his order for a specific quantity to be shipped over a period of several months, and American Sales Company accepted it without objection, they might have been held to their quotations, if it was given within a reasonable time."

Then the whole difficulty resolves itself upon the question whether the defendant acted upon the letter within a reasonable time.

Our Civil Code does not define what a reasonable time is, but says merely "at any time before the person who offers or promises has changed his mind, or may reasonably be presumed to have done so, it is

sufficient". In this case the proposal was made on February 26th, the first order by defendant was filled on March 5th; it must have been given at an anterior date. This seems to us a reasonable time.

But this offer and acceptance were binding only so far as the first order was concerned for the party making the offer, the plaintiff in this case, had a right to change his mind until the defendant had availed himself of it. The change of mind made by plaintiff was notified to the defendant by the first invoice or bill sent to him by plaintiff and by all subsequent ones containing a price different from the one made in the letter of February 26th, and by sending additional bills for the difference and for the freight after defendant had mailed a check for the price mentioned in that letter, and deducting the freight.

Notice of that change of mind put an end to the offer which ceased to be binding on the plaintiff.

The same reasoning applies to the charge for freight. The letter of February 26th states plainly: F. O. B. Chatawa, Miss.

We gather from the record that the difference from the first invoice was $50.30 deducting the difference in price and the freight Rec. p. 3. For this amount we think defendant is entitled to a credit.

The case of Campbell vs. Lambert, 36 A. 35, has no application to this case. That case was a demand for damages for refusal to perform an alleged contract to sell coal. In this case the plaintiff sues in affirmance of a contract consummated by him.

The defendant also shows by the testimony of himself and of James P. Barnett, his explosive engineer, that there was two tons of dynamite received from the plaintiffs which were only 20% dynamite instead of 40% ordered and charged, and that the difference in price is four dollars a hundred pounds or $160, or $18 instead of

$22 per hundred pounds. The charge in the first account is for 2000 pounds at $21.50 or $3.50 more than $18, the value of 20% dynamite. The difference is only $3.50 a hundred pounds or $70.

There are only twice 300 pounds in the fourth and fifth accounts, or 600 pounds in all charged at $22.75 a hundred, or $4.75 more than $18, or $28.50 making a total of $98.50.

We are of opinion that the defendant is entitled to this further credit also.

But the plaintiff contends that the defendant cannot setup that defense for three reasons:

First: Because he used the dynamite.

The thing sold may be affected with vices or defects of two kinds. The first, such as "render it either absolutely useless or its use so inconvenient and imperfect that it must be supposed that the buyer would not have purchased it if he had known of the vices." C. C., 2520 (2496).

The Second: When the defects are only "such as merely diminish the value of the thing sold, or when the quality which the thing sold has been declared to possess and which it is found to want is not of such importance as to induce the buyer to demand a redhibition." C. C., 2541 (2519) 2542 (2520).

In the first case the buyer has his choice of two remedies; 1st He may exercise his right of redhibition or of returning the thing sold to the vendor and demand the avoidance of the sale and the restitution of the price paid by him; or

2nd He may retain the thing sold and demand a diminution of the price to the extent that the defects have diminished the value of the thing sold, which is called the action *quanti minoris*." C. C. 2541

(2519); Iberia Cypress Co. vs. Von Schoeler, 121 La. 72, 46 South. 105. Courts favor the latter action. Succession of Montgomery, 2 La. Ann. 471.

A buyer who has sold the thing cannot sue for redhibition but may claim diminution of price. 1 N. S. 317; Blymer Ice Machine Company vs. McDonald, 48 La. Ann. 446, 19 South. 459; George vs. Shreveport Cotton Oil Company, 114 La. 503, 38 South. 432; Huntington vs. Lowe, 3 La. Ann. 379.

He may sue for diminution even after he has paid with knowledge of defects. Peterkin vs. Martin, 30 La. Ann. 897.

Second: Because the reduction of the price or the action *quanti minoris* can be demanded only when "the vices of defects of the thing sold are of such a nature as to make them unfit for the purpose for which it was sold".

This is error. We have already answered that objection.

Third: That the defendant could not set up an action *quanti minoris* after the expiration of one year. But our Supreme Court has held that the purchaser sued for the price is entitled to claim diminution for defects or vices notwithstanding the prescription of the action "*quanti minoris. Quse sunt temporalia agenda, perpetua sunt ad excipriendum.*" 10 M. 30 1 N. S. 468; Riggs vs. Duperrier, 19 La. Ann. 419; Johnson vs. Johnson, 2 La. Ann. 67; Edwards & Kurz, vs. Plaquemine Ice and Cold Storage Co., 46 La. Ann. 360, 15 South. 61.

It is therefore ordered that the judgment herein be reduced from Seven Hundred Twenty-nine 27-100 dollars to Five Hundred and Eighty 47-100 dollars, and as thus amended that the judgment be affirmed, the defendant to pay the costs of the District Court and of the Court of Appeal.