## JOSEPH v. HECKMAN et al.

(Court of Appeals of District of Columbia. Submitted October 11, 1926. Decided November 1, 1926.)

No. 4434.

I. Sales ⊂288(2).

Alleged delay of buyer in repudiating contract after discovery of defect *held* immaterial where repudiation was not sought, but defense is by way of recoupment for damages for breach of warranty.

2. Sales ⊂428.

Purchaser after breach of warranty is not required to repudiate contract, but may recoup his damages when sued for purchase price.

Appeal from the Supreme Court of the District of Columbia.

Action by A. Joseph, trading under the name and style of the A. Joseph Company, against Jacob Heckman and another, copartners trading under the name and style of the National Beverage Company. Judgment for defendants, and plaintiff appeals. Affirmed.

E. C. Brandenburg and L. M. Denit, both of Washington, D. C., for appellant.

A. L. Newmeyer and M. W. King, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This appeal is from a judgment of the Supreme Court of the District of Columbia, entered upon a verdict in favor of defendants, awarding a recoupment for breach of warranty on a sale of merchandise.

It appears that the plaintiff Joseph Company sold to the defendants, Eckman & Miller, 77 barrels of grape juice at $50 per barrel. The goods were shipped from California, and reached Washington in November, 1921. After inspecting the car, the defendants paid on the purchase price $850, and subsequently made a further payment of $300, leaving an unpaid balance of $2,700. This amount defendants refused to pay, on the ground that the goods, sold to them as pure grape juice, was in fact impure, adulterated, and unfit for beverage purposes. When defendants notified plaintiff that the goods were not as represented, plaintiff came to Washington and agreed to take back the goods then on hand, if defendants would pay the freight and storage charges. This defendants refused to do, whereupon suit was brought for the balance of the purchase price.

The case was twice tried to a jury. On the first trial, the jury awarded defendants a verdict for $230 on a plea of set-off. A new trial, however, was granted by the trial court, presumably upon the theory that the court, in its submission of the case to the jury, had left open the question of the ownership of the goods still remaining in storage.

Before the case came on for second trial, defendants amended by filing an additional plea, claiming damages by way of recoupment for breach of warranty. Issue was joint on this plea, and a verdict returned for the defendants. From the judgment thereon this appeal was taken.

[1] This is not a case of an attempted rescission or repudiation of a contract after discovery of the defect of the goods; hence the contention of appellant, that he should recover because of the delay of defendants in repudiating the contract after actual discovery of the defect in the goods, has no application to this case. The authorities cited by appellant,

in support of this proposition, are not in point.

[2] Defendants are not asking rescission of their contract, nor are they seeking to repudiate it. They admit that title passed to them, but are defending by way of recoupment for damages for a breach of warranty. The principle is well established that a purchaser, where there has been a breach of warranty, either express or implied, is not required to repudiate the contract. He may recoup his damages when sued for the purchase price. Bulkley v. Honold, 19 How. 390, 15 L. Ed. 663; Nashua Iron Co. v. Brush, 91 F. 213, 33 C. C. A. 456; Kerman v. Crook, 100 Md. 210, 59 A. 753; Queen City Co. v. Pittsburg Co. 97 Md. 429, 55 A. 447.

Since this is the principal ground upon which the appeal turns, we find it unnecessary to consider the other errors assigned. They are predicated upon the theory of a repudiation of the contract, and not upon the case on which issue was joined, tried, and submitted to the jury. In this view of the case, we find, without stopping to further consider the exceptions, that no reversible error was committed.

The judgment is affirmed, with costs.