## WOODWARD WIGHT & CO., Limited, v. COTONIO.[*]

### No. 14560.

Court of Appeal of Louisiana. Orleans.

Jan. 29, 1934.

Henry & Cooper and A. M. Suthon, all of New Orleans, for appellant.

Theodore Cotonio, Jr., of New Orleans, for appellee.

HIGGINS, Judge.

Plaintiff brought this action ex contractu to recover the balance of $282.71, alleged to be due on the purchase price of a General Electric Refrigerator type G-75, sold on August 1, 1930, to the defendant and for recognition of its vendor's lien thereon. Defendant admits the purchase of the refrigerator for the sum of $424.12 on account of which sum he paid $141.41, leaving the balance claimed, but denies liability and, in reconvention, seeks the annulment and rescission of the sale on account of redhibitory vices and defects in both the freezing unit and the cabinet of the electric ice box, and asks for judgment in the sum of $141.41 paid on account of the purchase price thereof.

There was judgment dismissing the main demand and judgment on the reconventional demand in favor of the defendant and plaintiff in reconvention as prayed for. Plaintiff has appealed.

The record shows that about two months after the sale the paint or lacquer began to crack and peel off, there appearing numerous rust spots which progressively became worse

*Rehearing denied March 12, 1934.

until about 45 per cent. of the area of the box was involved. The insulation on the doors of the box, as well as the hinges, were so defective that the cold air escaped. The electrical refrigerating unit was also defective in that the water in the ice trays would not freeze, although it appears that the temperature in the box was low enough to preserve foodstuff. Repeated complaints were made, and the plaintiff's representative finally agreed to send the cabinet back to the factory for the purpose of having it reconditioned, but defendant insisted that the defective box be replaced with a new one. Some correspondence took place between the parties in which the plaintiff agreed to satisfactorily adjust the matter and, after considerable delay, plaintiff finally wrote the defendant on August 5, 1931, reiterating the offer to refinish the cabinet, but positively refusing to furnish a new cabinet. Finally defendant, in writing, rejected the box, and tendered it to the plaintiff, asking for the return of the money that had been paid on account of the purchase price. This proposition was declined, and, on February 23, 1932, plaintiff instituted the present suit.

■■ The evidence overwhelmingly establishes the fact that the refrigerator was so defective that it was practically useless or its use so inconvenient or imperfect that the defendant would not have purchased it had he known of the vices. Defendant was therefore entitled to a rescission of the sale and the return of his money. Chas. A. Kaufman Co., Ltd., v. Gillman (La. App.) 142 So. 159; A. Baldwin Sales Co., Inc., v. Peterson (La. App.) 143 So. 527.

■■ However, plaintiff contends that, even if the box was defective, the defendant was fully apprised thereof and retained and used it, after he had tendered it to the plaintiff and asked for the return of his money and, therefore, he had exercised an act of ownership which is inconsistent with his attempt to have the sale rescinded for alleged redhibitory vices. The evidence with reference to this point was brought out as a mere incident in the trial and was to the effect that there was food in the box and water in the ice trays when the box was inspected to ascertain what was wrong with it, and, further, to the effect that, when the members of the defendant's family used the box, they discovered that it was wholly inadequate for the purpose for which it was sold. As against this, the record conclusively shows that the defendant repeatedly requested the plaintiff to come and get the box, but it failed to do so. The refusal of the plaintiff to accept the refrigerator and leaving it in the possession of the defendant caused him to become an involuntary, unwilling, and reluctant custodian. The refrigerator was so defective, it is our opinion, that it

was anything but a convenience to the defendant.

We conclude that the evidence does not establish the fact that the defendant exercised acts of ownership of the ice box after tendering it to the plaintiff which could be construed as a waiver of the tender which he made and his right to have the sale rescinded.

The case of Pere v. Dalgarn, 3 La. App. 775, is not in point, because there the purchaser of the dynamite, in using it, consumed it, and then sought to rescind the sale. The court held that the defendant was not entitled to that relief as he was not in possession of the thing sold, and therefore could not return it, and that all he was entitled to was a diminution of the price.

We were also referred to the case of Ledoux v. Armor, 4 Rob. 381. That case is not in point because the purchaser sold the rope which made it impossible to return it; hence, the action of redhibition failed because the purchaser was unable to return the thing.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.