Plaintiff instituted this suit for the collection of the sum of $175.00 represented by a check given to plaintiff by defendant in consideration of an exchange of automobiles between the parties, plaintiff and defendant.
In answer to plaintiff's petition defendant denied the allegations thereof, and, assuming the position of plaintiff in reconvention, made demand for the recovery of $500.00, consisting of cancellation of the amount of $175.00 represented by the check sued on and the further sum of $325.00 as reduction of the purchase price of an automobile warranted by plaintiff, which warranty had been breached.
After trial there was judgment rejecting the demands of plaintiff and further judgment in favor of defendant cancelling the obligation represented by the check sued on and awarding defendant the sum of $325.00, together with interest and costs. From this judgment plaintiff has appealed.
The facts, except with reference to a few details, are not seriously in dispute. Plaintiff was the owner of a 1946 model Ford Club Coupe which he had purchased new and which had been driven some 4,600 miles, but with which he was dissatisfied for the reason that a larger car would better suit his needs in carrying employees *Page 157 
to and from a sawmill which he operated in the vicinity of Chatham, Jackson Parish, Louisiana. On or about November 30, 1946, defendant noticed an advertisement of new cars for sale at the Pappas Motor Company, a business operated by plaintiff in West Monroe, which advertisement was published in a daily newspaper at Monroe. In response to the representations of the advertisement defendant stopped by plaintiff's place of business and examined a 1946 Two-Door Ford Super DeLuxe automobile, fully equipped with radio, heater and seat covers. Defendant entered into negotiations with plaintiff for the purpose of effecting an exchange of automobiles and, after some negotiations, it was agreed that plaintiff and defendant would exchange the automobiles described, and, as additional consideration, defendant gave his check in the sum of $175.00.
Almost immediately after the completion of the transaction defendant's suspicions were aroused, by reason of the revelation of certain defects in the vehicle, that in fact it was not a new car as defendant claims was represented by plaintiff. Upon close examination by defendant and by other parties, which examination appeared to confirm defendant's suspicions, payment on the check which had been given to plaintiff was ordered stopped. Defendant made known his complaints, with respect to the deficiencies in the automobile, to plaintiff and some slight attempts were made to remedy some of the defects, but it is definitely established that these efforts on the part of plaintiff were somewhat half-hearted and did not serve to put defendant's car into proper condition.
The principal conflict in the evidence, as reflected by the record in this case, bears upon the representations made by plaintiff with reference to the car which he traded to this defendant. Defendant avers and positively testified that the car was represented as being new and that it was warranted as a new car by the plaintiff. Plaintiff as insistently denies such representations and contends that he specifically limited his warranty to the motor and that he did not represent the car as being new.
With regard to the defects and deficiencies in the automobile which defendant acquired, it is shown by a definite preponderance of the evidence that the speedometer was diconnected, parts of the heater were missing, the motor consumed an excessive amount of oil, the tires had been changed, and there were other numerous and serious evidences of wear and tear. We are satisfied from an examination of the record that the car had been driven a considerable number of mites, and we think that the estimate of mileage in the neighborhood of 20,000 would be approximately acceptable. And, despite plaintiff's denials, we think the evidence definitely preponderates to the effect that he represented the car as "new", at least to the extent of having been driven only a few hundred miles en route to his establishment in West Monroe. Nor have we experienced any difficulty in arriving at the conclusion that plaintiff did not limit his warranty solely to the condition of the motor. The following extract from plaintiff's testimony is most revealing: "He (defendant) wanted to know about the motor, what kind of guarantee he would get on it. I told him I would stand behind every car I do sell. I told him this was a new car to me, that I got it at Magnolia."
Despite plaintiff's efforts in his testimony to restrict his warranty, we find that the record abundantly supports defendant's contention that he made the exchange under the representation and in the belief that he was receiving a new automobile. We further agree with the finding that plaintiff knew or should have known the condition of the car, and that he advertised and represented the vehicle as being new, upon which representations defendant relied, to his detriment.
[1] In our opinion defendant's right to recovery on his reconventional demand is amply justified under the provisions of Articles 2541-2545, inclusive, of the Civil Code and cases cited in connection therewith.
[2] Inasmuch as plaintiff disposed of the automobile, which he received from defendant in effecting the exchange, rescission of the transaction and the placing *Page 158 
of the parties in status quo is impossible and, accordingly, the demands of defendant for the reduction of the price were properly asserted.
For the reasons set forth, we find no error in the judgment of the lower Court, and, accordingly, the same is affirmed at appellant's cost.