**89 So.2d 214**

**Daniel A. MADERE**

**v.**

**Wiley H. SHARP.**

**No. 42594.**

June 11, 1956.

Louis J. Ourso, Jr., Hammond, Sam Monk Zelden, Max Zelden, New Orleans, for defendant-appellant.

Reid & Reid, Hammond, for plaintiff-appellee.

FOURNET, Chief Justice.

The plaintiff, Daniel A. Madere, instituted this suit to have annulled the sale to him by the defendant, Wiley H. Sharp, on May 6, 1953, of the 40-foot cabin cruiser Melanie on the ground that it was not seaworthy, as warranted, but, instead, so badly rotted throughout its structural members and supports it can be operated safely only if almost completely rebuilt; and from a judgment annulling the sale, cancelling the promissory note of $4,250 given as part of the purchase price, and ordering returned to the plaintiff the $2,300 paid by him in cash, with legal interest from May 6, 1953, the defendant prosecutes this appeal.

The appellant concedes the trial judge correctly found that the rotted condition of the boat, which rendered it entirely unseaworthy, existed at the time of the sale, but contends he erred in finding these defects were latent and, therefore, redhibitory. The appellant contends, additionally, that the trial judge erred in ordering a rescission of the sale since the boat cannot be returned in substantially the same condition in which it was at the time of the sale, and that plaintiff's remedy, if any, is therefore for a reduction of the purchase price.

■ Our appreciation of the evidence is that it fully supports the trial judge's finding that the boat was, at the time of the sale, unseaworthy, and, further, that this condition was latent and could not have been discovered by a simple inspection within the meaning and intendment of Article 2521 of the LSA–Civil Code. While it is true three experts testified anyone could have discovered this condition by simple inspection, they were testifying as experts and made it quite clear it was their business to look for such defects and that they would have known where to look. The plaintiff was not an expert; in fact, had never before owned a large boat, and although he did take with him the second and final time he looked at the boat a friend [1] who had some knowledge of boats, being a machinist and having built some small boats, the plaintiff purchased the boat upon the representation of the defendant (when the friend, after a most casual inspection, was stopped by the defendant as he sought to raise the flooring around the engine for a closer inspection) that he would guarantee the boat as being in good condition and entirely seaworthy, it having just been overhauled. Morever, any doubts that these defects could have been discovered by a simple inspection is dispelled by the fact that the defendant, in whom the trial judge placed the utmost confidence, having known him personally for many years, admitted he had owned and operated the boat for some 5 or 6 years

1. Significantly, this witness was not called by plaintiff, but was approached by defendant with the request that he testify at the trial and merely tell the truth. This he did under a subpoena obtained by the defendant.

and had just had it on the "ways" and the paint "scraped off down to the wood and finished," without this condition having been brought to light. In fact, it was only revealed after the boat was towed to a shipyard for repair following a slight accident to the bottom when the boat ran into a tree stump in August following the sale, at which time the removal of the planking disclosed the rotted condition of the timber used in the supports for the engine, the stringers, ribs, and gunnel.

■■■ The contentions that there could be no rescission of the sale and that plaintiff's remedy was for a reduction of the purchase price are matters of special defense that were neither pleaded nor presented to the trial judge for decision, and therefore, present nothing for our review. In any event they are without merit. A mere reading of the petition discloses plaintiff has here predicated his action on the avoidance of the sale due to latent vices and defects, and the facts reveal the boat was so unseaworthy at the time of its purchase the plaintiff would not have bought it had he known of them. The evidence further reveals the boat, at the time it was tendered to the appellant, was in the same condition as at the time of the sale with the exception that repairs had been made to the damage caused by the accident, but only to the extent of insuring that the boat would float. (The cost of the repairs was paid by the insurance company, and the insurance was thereafter cancelled on the ground the boat was not an insurable risk; they form no part of the amount sought to be recovered in this suit.) Consequently, under the express provisions of Articles 2520 and 2531 of the code, he is entitled to such a rescission. An examination of the authorities relied on by the appellant discloses they are not controlling from a factual or a legal standpoint.[2]

Shortly before this case was argued the appellant died and his surviving widow and children, who have accepted his succession unconditionally, have been joined

2. The object purchased was sold or used and could not, therefore, be returned in Ledoux v. Armour, 4 Rob. 381; Henderson v. Leona Rice Milling Co., 160 La. 597, 107 So. 459; Ehrlich v. Roby Motor Co., 166 La. 557, 117 So. 590; J. D. Beaird Co. v. Burris Bros., 216 La. 655, 44 So. 2d 693; Goode-Cage Drug Co. v. Ives, 16 La.App. 383, 133 So. 813; and Pere v. Dalgarn, 3 La.App. 775; the suit was for recovery of amounts expended in correcting defects in purchases retained in Morehouse Ice Co. v. Tooke & Reynolds, La.App., 154 So. 402, and McEachern v. Plauche Lbr. & Const. Co., 220 La. 696, 57 So.2d 405; the suit was for a diminution of the purchase price in Pappas v. Roberts, La.App., 35 So.2d 156; Bozeman v. McDonald, La.App., 40 So.2d 517; and Bulkley v. Honold, 19 How. 390, 60 U.S. 390, 15 L.Ed. 663; and the suit was for a rescission of the sale and/or expenses of correcting defects, but only after large and major repairs had been made in Rouzel v. McFarland, 8 Mart.(O.S.) 704, and Poor v. Hemenway, 221 La. 770, 60 So.2d 310.

as parties defendant. Consequently, they will be substituted as parties defendant to to stand in judgment.

For the reasons assigned the judgment appealed from is amended to substitute as parties defendant Wiley H. Sharp, Jr., major son of Wiley H. Sharp, and Mrs. Melanie Ledet Sharp, the surviving widow of Wiley H. Sharp, acting on her own behalf and as the natural tutrix of her minor children, Paul Francis, Thomas Simpson, Beverly Ann, Michael Raymond, and Melanie Louise Sharp, and as thus amended the judgment is affirmed at the cost of the appellant.