323 So.2d 875 (1975)
David C. WILLIAMSON, Plaintiff-Appellee,
v.
C. P. STRANGE, d/b/a Strange Motor Company, Defendant-Appellant.
No. 12780.
Court of Appeal of Louisiana, Second Circuit.
December 10, 1975.
*877 Horton & Jones by Donald G. Horton, Coushatta, for defendant-appellant, Strange Motor Co.
Gahagan & Gahagan by Russell E. Gahagan, Natchitoches, for plaintiff-appellee, David C. Williamson.
Watson, Murchison, Crews & Arthur by R. Raymond Arthur, Natchitoches, for defendant-appellee, Ford Motor Co.
Before HALL, GLADNEY and HEARD, JJ.
GLADNEY, Judge.
David C. Williamson filed this redhibitory action to void the sale of a new 1974 Ford pick-up truck which he purchased on October 18, 1973 from Strange Motor Company. Made defendants are C. P. Strange, d/b/a Strange Motor Company and Ford Motor Company.
Upon accepting delivery of the truck at defendant's place of business, plaintiff drove his truck about 23 miles from Natchitoches to his home near Campti. He testified that on the trip the vehicle operated imperfectly in that it noticeably shook, shimmied, and made noises when the truck was driven at speeds between 30 and 35 miles per hour. This condition continued and six days after its purchase he returned the truck to the dealer for repair.
Unsuccessful efforts to remedy the trouble were made on five different occasions in the six months following purchase. Different tires were mounted, wheels were exchanged, the front end aligned, springs built up, inter alia, but the vibration continued unimproved. Peter Held, factory representative of Ford Motor Parts and Service Division, on two occasions tested and studied the trouble but his suggestions were not helpful.
*878 On June 13, 1974 Williamson's counsel made written demand on Strange to refund the purchase price and accept return of the truck. When there was no response to this demand this suit was filed.
Following trial, judgment was signed in favor of plaintiff against Strange awarding the sum of $1650 as a diminution of the sale price of the truck, which amount was inclusive of attorney's fees. The decree dismissed the action against Ford Motor Company and the judgment has become final with respect to that party. Strange appealed and appellee Williamson answered the appeal praying that the judgment be modified so as to rescind the sale of the truck.
There is no dispute between the buyer and dealer as to the fact that the truck had a serious vibration which existed when the truck was purchased. There is no evidence in the record of bad faith or concealment of the vice by the dealer. The truck was new at the time of purchase and had not been driven. It was serviced and delivered to plaintiff without prior knowledge of the defect by either party. At the time of trial on February 3, 1975 plaintiff had possessed the vehicle since October 18, 1973 and it had been constantly operated and used by him. The truck had been driven some 42000 miles at the time of trial. The trial judge found that the defects were not such as to warrant rescinding the sale, and he ordered a reduction in the purchase price.
Redhibition is defined by Civil Code Article 2520 as the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect that it must be supposed the buyer would not have purchased it had he known of the vice.
Although a plaintiff seeks rescission, if the evidence establishes only a diminished utility of the thing as opposed to its being useless and altogether unsuited to its purpose, the judge may decree merely a reduction in price. C.C. Art. 2543. Wade v. McInnis-Peterson Chevrolet, Inc., 307 So.2d 798 (La.App., 1st Cir. 1975). The circumstances of this case, especially the nature of the defect and continued usage of the automobile by the buyer, support the trial judge's conclusion there was a diminished utility rather than a redhibitory defect, and that reduction in price, rather than rescission, was the proper remedy.
The distinction between remedies and the measure of quantum as it relates to the action for reduction was properly and succinctly noted in Bulkley v. Honold, 60 U.S. 390, 19 How. 390, 15 L.Ed. 663 (1856) wherein the court said:
"The law of Louisiana imposes on the seller the obligation of warranting the thing sold against its hidden defects. (Civ.Code, arts. 2,450, 2,451.) Hidden defects are those which could not be discovered by simple inspection. (Civ.Code, art. 2,497.). In case the vendee desires to rescind the contract by reason of the breach of such warranty, he may do so by an action of redhibition. But he may also retain the thing sold, and have an action for reduction of the price by reason of the difference in value between the thing as warranted and as it was in fact. (Civ.Code, arts. 2,519, 2,520.). And in this action only such a part of the price as will indemnify the vendee for the difference between the value of the thing as warranted and the thing actually sold, together with the expenses incurred on the thing after deducting its fruits, can be recovered."
See Menville v. Stephens Chevrolet, Inc., 300 So.2d 858 (La.App., 4th Cir. 1974).
In the instant case, the buyer and seller, by agreeing upon the purchase price of the truck without knowledge of any defects set the value of the vehicle as warranted. It is also necessary, however, that plaintiff prove the price to which the actual sale price should be reduced to reflect *879 the fair value at the time of sale if the defect had been known. Proof of that value may consist of expert testimony as to the value of an automobile with such defects, of evidence as to the costs expended to restore the thing to the condition warranted, or evidence of other facts bearing on the price to which informed parties would agree.
While we are convinced a reduction based on defects in plaintiff's truck is warranted, upon review we conclude the trial court erred in establishing the amount of reduction and in awarding attorney's fees. There is absolutely no evidence to support the award of a specific sum representing the decrease in value caused by the defects. Repairs were never successfully effected and the cost of repairs made was borne by defendant. There was no expert testimony as to the effect of imperfections on the reasonable value of the truck.
We conclude in order to do substantial justice, this case must be remanded to the district court for admission of any additional evidence which the parties may desire with regard to the reduced value of the truck with its existing defects. See LSA-C.C.P. Arts. 2082 and 2164, as construed by McKinney v. Levy, 212 So.2d 279 (La.App., 3d Cir. 1968) for the authority of this court to remand cases for additional evidence to prevent a miscarriage of justice. The trial court orally rendered judgment for plaintiff on Feb. 24, 1975, rescinding the sale of the truck and ordering the return of the purchase price. Motion for a new trial was made by defendant. Without taking further evidence, the February 24, 1975 judgment was modified to allow only a reduction. Formal judgment was signed on April 28, 1975. Under these circumstances a remand is required to do justice to the parties with respect to this issue.
To recover attorney's fees the buyer must prove knowledge of the defect by the seller. C.C. Art. 2545. It is sufficient that the buyer prove actual or constructive knowledge by the seller. Juneau v. Bob McKinnon Chevrolet Company, 260 So.2d 919 (La.App., 4th Cir. 1972).
There is no contention by plaintiff that defendant had actual knowledge of the defects in the truck. An award of attorney's fees, could, therefore, only rest on constructive knowledge of the defects by defendant. Such knowledge would be properly attributable to the seller if he knew or should have known of the defects at the time of sale. Even though the defects were discovered by plaintiff shortly after he took delivery of the vehicle, the evidence does not support a finding of constructive knowledge of imperfections by defendant. This was a new vehicle. It had not been driven before the sale. The defect was discoverable only when the truck was being driven and then only at particular speeds. No inspection of the vehicle while parked would have revealed the defects or indicated this possibility. There was no constructive knowledge of the imperfections since these could not be reasonably discovered by defendant in the exercise of ordinary care. Since defendant cannot be said to have had knowledge of the defects at the time of sale, the trial court erred in allowing plaintiff attorney's fees.
For the reasons assigned, the judgment appealed is reversed and set aside. This case is remanded to the district court for further proceedings in accordance with law and the views expressed herein. Assessment of costs is to await the outcome of further proceedings.
Reversed and remanded.