344 So.2d 90 (1977)
ARK-LA-TEX BUILDERS & REALTY, INC., Plaintiff-Appellant,
v.
Paul L. HOGE, d/b/a Camper Sales, et al., Defendants-Appellees.
No. 13169.
Court of Appeal of Louisiana, Second Circuit.
March 21, 1977.
Charles E. Tooke, Jr., Shreveport, for Ark-La-Tex Builders & Realty, Inc.
Edmund M. Thomas, Shreveport, for Paul L. Hoge.
Lunn, Irion, Switzer, Johnson & Salley by Jack E. Carlisle, Jr., Shreveport, for Terry Industries of Texas, Inc.
Before BOLIN, PRICE and MARVIN, JJ.
MARVIN, Judge.
In a redhibitory action, the trial court denied rescission of the sale of a travel trailer, but allowed a reduction of $500 in the purchase price. Plaintiff appeals. We affirm.
The issues are factual, and primarily concern to what extent, if any, the trailer was rendered useless because it allegedly leaked. The testimony conflicted as to the existence and extent of the leakage at given times and as to the success of defendant's efforts in stopping the leak or leaks. Mitigating against plaintiff's claims that the trailer leaked extensively so as to render it useless, was evidence relating to a somewhat regular and periodical use of the trailer while it allegedly leaked for some nine months between the purchase and the filing of suit; the partial renovation of the trailer and testing for leaks by the manufacturer after suit was filed; and the testimony of plaintiff's expert repairman that the leak or leaks complained of could be permanently repaired for $350.
If the evidence in a redhibitory action establishes only a partial failure of consideration, the trial court is empowered to decree reduction. LSA-C.C. Art. 2543. The Civil Code speaks only in general terms as to the circumstances under which the court in its discretion, may grant reduction *91 instead of redhibition. Redhibition is the remedy when the defect in the thing sold renders it (1) ". . . absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased [the thing], had he known of the vice" (Art. 2520), or (2) ". . . useless and altogether unsuited to its purpose . . ." (Art. 2541).
Art. 2541 also allows the purchaser a reduction in the purchase price when the defect is "such as merely to diminish the value [of the thing sold] . . ." Art. 2542 likewise allows the purchaser reduction when a declared, but missing, quality of the thing sold is not of "such importance as [would] induce him to demand a redhibition."
Under these codal principles, if the circumstances of the particular case are such that the defect complained of does not render the thing sold useless, or its use inconvenient to the degree that it is altogether unsuited to its purpose, the court is warranted in denying redhibition and granting a reduction. In any case, this is essentially a factual determination best made by the trial court. See Williamson v. Strange, 323 So.2d 875 (La.App. 2d Cir., 1975) and cases cited therein; Wade v. Mclnnis Peterson Chevrolet, Inc., 307 So.2d 798 (La.App. 1st Cir., 1975).
The lower court, in its written reasons for judgment, considered all of the factual issues and resolved them against plaintiff-appellant. We find no error on the part of the lower court in allowing the reduction in the purchase price instead of rescinding the sale. At appellant's cost, judgment below is
AFFIRMED.