PRICE, Judge.
This is a suit in redhibition brought by the purchaser of a used van to rescind the sale and to recover the cash portion of the purchase price, damages, 'and attorney’s fees. The trial court ordered a reduction of $250 in the sale price and rejected plaintiffs’ request for rescission of the sale, damages, and attorney’s fees.
The issues presented on plaintiffs’ appeal are whether the trial court erred in not ordering rescission of the sale, and alternatively, whether a greater sum should have been awarded for quanti minoris.
Albert Clinton and his wife purchased a 1974 Dodge van from Randy’s Travel Town on April 24, 1976, for $4,860. On the Monday following the Saturday purchase, plaintiffs complained to defendant that the motor was not tuned properly and the air conditioning was defective. Other complaints were subsequently made in regard to the ignition, motor cover attachment, tires, radio, and the suspension system. Defendant made several attempts to correct the matters complained of by plaintiffs, and in fact, paid $127.50 of repairs at his own expense.
Plaintiffs’ subsequent request of June 17, 1976, to return the van was refused by defendant.
On June 21,1976, the van was seized in a foreclosure proceeding brought by the holder of a chattel mortgage executed by plaintiffs in connection with the purchase price of the vehicle.
On this same date, plaintiffs filed this action to rescind the sale. At that point in time the vehicle had been driven 4,625 miles by plaintiffs.
The primary issue is whether rescission of the sale or reduction of the price is the appropriate remedy. La.C.C. Art. 2543 confers upon the trial judge discretion to decree diminution of the purchase price rather than rescission of the sale. The only expert testimony offered by plaintiffs is that of Richard Oliver, a mechanic who examined the vehicle at plaintiffs’ request after it had been seized by the sheriff. An estimate of the repairs found necessary by Oliver would not exceed $250, or approximately five percent of the sale price. Therefore, we do not find the discretion of the trial judge was abused in ordering reduction of the price and in determining the amount of diminution. See Ark-La-Tex Builders & Realty v. Hoge, 344 So.2d 90 (La.App.2d Cir. 1977). The judgment appealed is affirmed at appellants’ cost.