LUTHER E. HALL, Judge pro tem.
This is a redhibitory action in which plaintiff is seeking the rescission of the sale to him on April 23, I960 of a 1957 Ford Sky-liner automobile. He brought this suit against the dealer, Jacobson-Young Inc., from whom he purchased the car, and also against Associates Discount Corporation, the holder of the chattel mortgage note which he executed for the credit portion of the purchase price.
The district court ordered a rescission of the sale and a return to plaintiff of the purchase price by means of a judgment in plaintiff’s favor against Jacobson-Young Inc. for $300.00 representing the down-payment made by plaintiff on the car plus $724.32 representing payments made by plaintiff (under protest) to the date of the trial on: the note held by Associates Discount Corporation plus $1,207.20 representing the remaining balance then due on the note. A further judgment was rendered rejecting plaintiff’s demands against Associates Discount Corporation.
The defendant dealer appealed. Plaintiff did not answer the appeal nor did he appeal from that part of the judgment dis *663 missing his suit against Associates Discount Corporation, consequently we are concerned here only with the controversy between plaintiff and his vendor.
Although the testimony is in conflict as to some of the details the essential facts are undisputed.
Plaintiff made arrangements to purchase the car on Saturday April 23, 1960, after road-testing it for one-half to three quarters of an hour. He took delivery of the car the following Monday. Within a day or two the engine began knocking, pouring out smoke and burning oil at the rate of a quart a day. On the advice of a service station attendant he had the oil changed and put in a new oil filter. This did not remedy the situation so he brought the car to a person who was regularly employed by his father as a truck mechanic. This man disassembled the top half of the motor and found that the cam shaft bushings had turned out of place thus completely blocking the oil flow, and causing the parts to get crusty and corroded. Finding that he could not remedy the situation he simply piled the dismantled parts on the back seat of the car and left them there.
Thereafter plaintiff had the motor examined by the Metairie Motor Sales Company who prepared an estimate of the repairs needed which amounted to $203.57. The testimony reflects that the car needed a major overhaul.
Plaintiff finally towed the automobile to defendant’s place of business, without reassembling the parts which still remained piled indiscriminately on the back scat, and abandoned it there.
Plaintiff testified that before he had the motor disassembled he complained to defendant’s manager about the condition of the car but was told that defendant would not undertake to repair it except on a 50/50 basis, and that it was for this reason he undertook the repairs himself.
Defendant’s manager on the other hand testified that plaintiff made no complaints until after the motor had been torn down. He further testified that when plaintiff purchased the car there was a verbal agreement between them that defendant would warrant the car’ for thirty days provided that all repairs would be made on a 50/50 basis. Plaintiff denies that there was any agreement or understanding that he would bear half the cost of any repairs needed.
The time when plaintiff first complained of the condition of the car is disputed but the fact remains that defendant finally agreed to examine the car if plaintiff would bring it to defendant’s lot. When defendant discovered that the motor was dismantled and the parts piled on the back seat defendant refused to examine it unless plaintiff first had it reassembled. Plaintiff was unwilling to do this and abandoned the car on defendant’s lot.
The district judge found as a fact that the car contained a redhibitory vice or defect and the record fully sustains such findings.
We are also of the opinion that the proof is insufficient to show that plaintiff had agreed to pay half the cost of any necessary repairs.
In order to be entitled to a rescission the plaintiff must tender the property sold and on which the redhibitory vice is claimed in substantially the same condition as when it was purchased. This the plaintiff is unable to do.
In Poor v. Hemenway, 221 La. 770, 60 So.2d 310, the plaintiff sued to set aside the sale of a $13,500.00 yacht. After the sale was consummated it was discovered that the boat had leaks, rot and deterioration in the hull and frame, and was completely un-seaworthy. The seller was immediately notified of these conditions and, although requested to do so, did not avail himself of his right and opportunity to inspect the boat but merely disclaimed responsibility. Based upon the seller’s refusal to take any steps the buyer had the vessel dry-docked, stripped *664 down and one-fourth of her planking removed preparatory to making repairs. It was in this condition on the date of the trial.
The Supreme Court held that the purchaser was not entitled to a rescission since she was not in a position to tender the vessel back to the seller in substantially the same condition as when it was sold. However tlie Supreme Court did allow the purchaser a reduction in the purchase price. It is noted that this judgment was rendered notwithstanding the fact that the seller was notified of the defects and tendered inspection of the vessel prior to the time any repairs were undertaken by the purchaser.
It is our opinion that Poor v. Hemenway is decisive of all of the issues in this case. Plaintiff is not entitled to a rescission but is entitled to a reduction in the purchase price by an amount sufficient to repair the automobile. See LSA-C.C. Art. 2543. The only proof in the record on this score is the estimate of Metairie Motor Sales Company amounting to $203.57.
For the foregoing reasons the judgment appealed from is reversed in part, affirmed in part, and is now rendered as follows:
It is ordered, adjudged and decreed that there be judgment herein in favor of the plaintiff, John R. Kenned)"- Jr., and against the defendant, Jacobson-Young, Inc., in the full sum of $203.57 together with legal interest thereon from the date of judicial demand until paid, and for all costs incurred in the district court.
It is further ordered, adjudged and decreed that there be judgment herein in favor of the defendant, Associates Discount Corporation, and against the plaintiff, John R. Kennedy Jr., dismissing his suit against said defendant at his cost.
It is further ordered that Jacobson-Young, Inc. pay all costs in the appellate court.
Reversed in part, affirmed in part and rendered.