peal, which in effect was affirmed by the Court of Appeal's decree holding that his appeal was not timely, is erroneous.

For the reasons assigned the judgment of the First City Court for the City of New Orleans recalling and rescinding its order granting relator a devolutive appeal is annulled and set aside, and that court is ordered to fix the return day to the Fourth Circuit Court of Appeal within 60 days after the date on which this judgment becomes final. All costs of this proceeding are to be borne by respondent; taxation of all other costs is to await final disposition of the case.

151 So.2d 368

**John R. KENNEDY, Jr.**

**v.**

**JACOBSON–YOUNG, INC. et al.**

**No. 46406.**

March 25, 1963.

Gamble & Gamble, Harry P. Gamble, III, New Orleans, for plaintiff-appellant.

Steeg & Shushan, Moise S. Steeg, Jr., New Orleans, for defendant-appellee.

HAMITER, Justice.

In this redhibitory action the plaintiff, John R. Kennedy, Jr., is seeking a rescission of the sale to him of a used 1957 Ford Skyliner automobile, he alleging that the engine thereof was latently defective and that Jacobson-Young, Inc., the vendor and a defendant herein, refused to remedy the defect. The petition further recited that plaintiff, in making the purchase, paid $300 cash and gave his chattel mortgage note for $1931.52 payable in twenty-four monthly installments.

Named as a defendant also was the Associates Discount Corporation, it having acquired plaintiff's note from the vendor.

Answering, Jacobson-Young, Inc. generally denied plaintiff's allegations relative to the defective condition of the car. Further, it affirmatively averred that " * * * plaintiff has made insufficient legal tender of said vehicle back to defendant, it not being in any way near the same condition in which it was sold, * * *."

Finding that there was a redhibitory defect in the automobile's engine the district court rescinded the sale and condemned Jacobson-Young, Inc. to pay to plaintiff the sum of $1024.32 (theretofore paid by him) and any other sums for which he might be obligated under his note. The demands against Associates Discount Corporation were rejected.

Jacobson-Young, Inc., petitioned for and obtained a suspensive appeal to the Fourth Circuit Court of Appeal. Plaintiff did not answer. Nor did he appeal from that part of the judgment rejecting his demands against Associates Discount Corporation. The latter, consequently, was eliminated from the case.

The Court of Appeal found, as did the district court, that there was a redhibitory defect in the purchased automobile and that the vendor failed to make the necessary repairs. However, it reversed that part of the judgment which rescinded the sale (and ordered reimbursement of the purchase price), the reasons assigned for the reversal being that plaintiff did not properly return or tender the vehicle to defendant and, therefore, he had lost the right to obtain a rescission. It then decreed that payment be made to plaintiff in the sum of $203.57, the estimated cost of correcting the defect. See 144 So.2d 661.

On application of plaintiff we granted certiorari.

Delivery of the used automobile was taken by plaintiff on April 25, 1960, he having previously road tested it for about three quarters of an hour. A few days thereafter the engine began knocking, pouring out smoke, and burning oil at the rate of about a quart per day. He attempted to remedy the condition by changing the oil filter, but this change was of no benefit.

Thereupon, during the first week in May, 1960, he summoned to his home (for the purpose of investigating and correcting, if possible, the defect) a truck mechanic employed by his father. This person removed several parts from the upper portion of the engine and (after making certain tests) concluded that the cam shaft bushings had turned out of position, thereby causing a blocking of the oil flow. Without attempting to make any repairs, the mechanic then placed the removed parts on the back seat of the car.

Later, on May 10, 1960, plaintiff had the engine examined by an assistant service manager for Metairie Motor Sales, Inc. He estimated that the repairs needed to place the car in fair running condition would cost $203.57.

Meanwhile, plaintiff talked to an official of the defendant vendor about the car and was told to bring it in for inspection. However, such representative stated that no repairs would be undertaken except on a 50-50 basis, that is, plaintiff would have to pay one-half of the cost thereof.

According to plaintiff, when the purchase was made an oral guaranty of thirty days on the motor was given and nothing was then said about sharing the cost of any needed repairs. The defendant's representative, on the other hand, testified that their usual guaranty for a used car was thirty days; and that it was conditioned on a 50–50 re-pair cost basis. But we are in accord with the finding of the Court of Appeal that the evidence is insufficient to show that the instant purchase was made on such a condition.

Later, plaintiff had the car towed to the defendant's place of business, without replacing the removed parts which were still on the back seat, and there he left it. His attorney then (May 26, 1960) unsuccessfully demanded in writing a rescission of the sale. This suit followed.

The finding of the Court of Appeal that a redhibitory defect existed is amply sustained by the record. In fact, that finding is not challenged here by the defendant. Therefore, the only possible questions presented for our consideration are (1) whether plaintiff tendered the car to the defendant in substantially the same condition as when he received it and (2) if he did not, whether the action of the vendor in refusing to make any repairs except on a 50-50 cost basis relieved him of the necessity of making a tender.

Relying on the doctrine of Poor v. Hemenway et al., 221 La. 770, 60 So.2d 310, the defendant contends that the engine had been "dismantled" or "torn down" to such an extent that the car could not be, and was not, tendered in substantially the same condition as it was when received by plaintiff. In our opinion the record does not support that contention. The testimony of the truck

mechanic who removed the parts was that he merely "pulled the head". The defendant's used car manager testified that the right cylinder head, the intake manifold, the carburetor and the air cleaner had been removed and were on the back seat of the car. But he also said that because the motor had not been *completely disassembled* he was unable to determine the condition of the rod and main bearings, the cam shaft and bushings, or the piston rings. All of which would seem to indicate that the parts which were taken from the engine and left on the seat were among those that defendant itself would have had to remove in order to ascertain the cause of the car's defective condition.

In argument here it was suggested that perhaps some of the removed parts were misplaced or damaged. Possibly if plaintiff had failed to return all essential parts, or had delivered them in a damaged condition, such would constitute a defense to his demand for a rescission of the sale. But no one connected with the defendant vendor made even a cursory examination to determine if this were so.

Our holding in Poor v. Hemenway, supra, strongly relied on by the defendant, is not decisive here. Therein the article sold was a sailing yacht, and prior to filing suit for a rescission of the sale the plaintiff-purchaser had undertaken major repairs on it. Thus, it had been put on the ways, the paint scraped from the hull, and a part of the planking taken off. Further, as was pointed out in our opinion, " * * * by the time the case was tried in the lower court the bulwarks, the covering board on the starboard side, the sheer plank, part of the frame section, the stem, and about one-fourth of the planking had been removed from the vessel." No such major overhaul had been commenced on the automobile involved here when it was returned to defendant. Nor had there been anything taken from the engine which could not be replaced by a simple mechanical operation.

The facts of the instant case are more nearly like those of Madere v. Sharp, 230 La. 723, 89 So.2d 214 wherein the plaintiff successfully sought to rescind the sale of a cabin cruiser. In making repairs necessitated by an accident (the bottom thereof had been damaged) it was discovered that inside timbers were in a rotted condition. The court found that the repairs undertaken were only those needed to insure that the vessel would float and that they did not prevent its being in substantially the same condition as when purchased. In the course of our opinion Poor v. Hemenway, supra, was distinguished on the basis that therein large and major repairs had been made.

Here, the defect of which plaintiff complains manifested itself within a few days after the purchase; defendant's representative informed him that repairs would be made provided that he pay one-half of the cost (which he was not obligated to do);

thereupon, he removed only so much of the engine as would permit a determination of the probable cause and extent of the trouble; and the automobile, together with the few removed parts, was returned to the defendant when it appeared that the latter would not furnish the needed repairs. Under these circumstances we think that there was a tender and a return of the vehicle in substantially the same condition as when it was received.

For the reasons assigned the judgment of the Court of Appeal limiting plaintiff's recovery to $203.57 is annulled and set aside. And the judgment of the district court is reinstated in its entirety and made the decree of this court. The defendant, Jacobson-Young, Inc., shall pay all costs.