GLADNEY, Judge.
This action ex delicto was brought by Mrs. Mildred Thames Sinquefield for the recovery of damages as a result of severe burns received when butane gas escaping from gas fittings in a camp trailer exploded. The camp trailer was purchased by her husband Otis L. Sinquefield, and her son, Carol, from L. W. Yates, a dealer *396 for the Mobile Scout Manufacturing Corporation. Named defendants were L. W. Yates and Zurich Insurance Company, his liability insurer; Mobile Scout Manufacturing Corporation and United States Fidelity & Guaranty Company, its insurer; and State Farm Mutual Insurance Company, the liability insurer of Otis L. Sinquefield, the owner of the automobile to which the trailer was attached. Third party petitions were filed by Yates, Zurich and- State Farm Mutual Insurance Company against Mobile Scout Manufacturing Corporation and its insurer, the United States Fidelity & Guaranty Company. Prior to trial of the suit the plaintiff settled her claim against the manufacturer and its insurer for the sum of $7,500 and a release in favor of these defendants was filed in these proceedings. The rights of plaintiff against the other named defendants were expressly reserved. After trial judgment was rendered rejecting the demands of plaintiff and she has appealed.
There was no conflict of a substantial nature in the testimony of the several witnesses presented and the sequence of events leading up to the accident are accurately summarized in the written opinion of the court.
L. W. Yates, doing business as - Esso Station and as Bossier Trailer Rentals, Bossier City, purchased the Mobile Scout trailer new and picked it up at the factory in Arlington, Texas in April, 1963. He towed it to his lot in Bossier City where it remained until September 6, 1963. On several occasions prior to September 6, 1963, Carol Sinquefield, 23 year old son of plaintiff, examined the trailer on the lot of L. W. Yates when he came there in his capacity as a truck driver for the Esso distributor. On one or more of these occasions he discussed purchasing the trailer. On or about September 6, 1963 Carol Sin-quefield and his father, Otis L. Sin-quefield, came in late in the afternoon (5:00 or 5:30 P.M.) and closed the deal for the trailer. When they were informed it could not be serviced out, i. e., the lights, water system, butane system, and electric brakes hooked up and checked out until the following day, and that such services would take half a day, Carol Sinquefield informed L. W. Yates that he wanted to tinker around with the trailer and they would take it on then, get their own butane, check it out, and bring it back later for hooking up the brakes. The trailer was then attached to the Sinquefield car and pulled to their home where it remained in the yard for several days. Then Sinque-field and plaintiff pulled the trailer to Kelly’s Truck Terminal ón Highway 80 East of Bossier City, had the butane tank filled, and returned the trailer to the Sinque-field -home. There they tested the butane system by lighting the stove burners. The trailer was taken to another place of business used by Mr. Yates for hooking up the electric brakes, but Mr. Yates was not advised that the trailer had been taken there until later.
On September 20, 1963, the Sinquefields left home and pulled the trailer to the home of plaintiff’s parents at Dry Prong, Louisiana, a distance of about 108 miles. There they spent the night. On the following morning they pulled the trailer approximately 12 or 15 miles over a gravel road to a camping site on Fish Creek where the trailer was parked, leveled and the butane tank turned on. While attempting to prepare coffee for her husband Mrs. Sinquefield lighted a burner on the stove in the trailer and shortly thereafter a flash of flame shot across the dining area. She cut off the stove burner and called her husband and son into the trailer. They tested the burners for leaks and discovered none. However, while sitting discussing what could have caused the flash fire the son discovered an open gas jet in a light fixture above his head. After turning this jet off and waiting a few minutes for any accumulation of gas to clear out, plaintiff again lighted the stove burner to prepare coffee. Shortly thereafter she opened the cabinet door above tire stove and the explosion occurred which *397 caused the burns and injuries complained of by her in this suit. Plaintiff turned off the gas burner and ran out of the trailer. Mr. Sinquefield turned the gas off at the butane tank. After putting out a fire in the cabinet Carol Sinquefield locked the trailer door, uncoupled the trailer from the car and with his father drove his mother to the Baptist Hospital in Alexandria, Louisiana, where she was treated and remained for some 18 days. Some two weeks later Otis L. Sinquefield died from natural causes.
The evidence as presented to the trial court indicates that no serious effort was made to establish negligence on the part •of appellant’s deceased husband. Accordingly, the case against State Farm Mutual has not been made out, thus leaving for primary consideration on appeal the liability, vel non, of Yates and his insurer.
Before this court appellant urges the lower court erred: first, in holding that it was the duty of plaintiff to establish the defect in the butane system of the trailer existed at the time of its purchase, and ■second, in not recognizing the legal duty ■of Yates to warn appellant and her husband of the possibility of a dangerous condition in the butane system. In further specification of these errors it is argued that Yates was negligent in failing to examine and test the butane system in the trailer, and because of his experience with other trailers in the absence of such a check, he should have warned the Sinque-fields of the danger of a possible leaky butane system but neglected to do so.
It is earnestly argued that the liability of Yates is determined largely by LSA-C.C. Art. 2545 which provides:
“The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of the price and repayment of the expenses, is answerable to the buyer in damages.” [LSA-C.C. Art. 2545]
In rejecting the argument of plaintiff’s counsel the trial judge correctly found the following facts: The record fails to prove that the gas coupling in the cabinet was actually loose when the trailer was purchased; that John S. Malahy, Jr., a mechanical engineer, testified that the fitting had no locking device and may come loose from vibration when pulled over the highway and that such could have occurred between Shreveport and Fish Creek; and that even if it be assumed that the coupling became loosened before the trailer was delivered by Yates, other factors were established which seem to relieve Yates of liability. The latter included testimony of Yates that it was his custom to check the butane system by filling the butane tank but did not do so until he was ready to deliver the trailer; that in the present case he was prevented from testing the system because of the insistence on the part of the Sinquefields, father and son, that they wanted to take the trailer with them that day, at an hour too late to even hook up the brakes; and that Carol stated to Yates that he wanted to tinker with the trailer and would fill the butane tank himself and check it out. Plaintiff admitted a check list showing that the butane system had been checked at the factory, and a warning notice to the effect that it was possible a “few miles on the highway” could loosen the lines, were on display inside the trailer when it was received from Yates. These notices were sufficient to place Mrs. Sinquefield on notice of the necessity of having a proper inspection of the butane system after the tank had been filled and to have any loose fittings corrected by competent persons.
We are impelled to the conclusion that plaintiff has failed to bear the burden which the law places upon her of proving Yates had knowledge of the defect which caused the accident and that such defect existed when the trailer was purchased from him. As pointed out by the trial court the loose connection which occasioned the explosion could have oc *398 curred after the trailer was delivered, for it had traveled approximately 120 miles in the custody and under the control of plaintiff and her family. As noted also by the trial court, sufficient facts were within the knowledge of appellant to warrant additional inspection and except for the failure to have this done the accident in all probability would have been prevented.
Finding no error in the judgment from which appealed, it is affirmed at appellant’s cost.