231 So.2d 73 (1970)
Freddie JOHNSON
v.
H. W. PARSON MOTORS, INC., et al.
No. 7892.
Court of Appeal of Louisiana, First Circuit.
February 2, 1970.
*75 James O. Ervin, Baton Rouge, for appellants.
Patsy Jo McDowell, Baton Rouge, for appellee.
Before LOTTINGER, REID and BLANCHE, JJ.
BLANCHE, Judge.
This is an appeal from a judgment rendered against defendants, H. W. Parson Motors, Inc., and H. W. Parson, in solido, and in favor of plaintiff, Freddie Johnson, in the sum of $6,000, with legal interest from date of judicial demand together with all costs, which judgment was rendered pursuant to a jury verdict in favor of the plaintiff. This litigation arose out of the sale of a used automobile to the plaintiff, which automobile the plaintiff contended was defective thereby entitling plaintiff to rescission of the sale together with damages sued for.
Defendants-appellants assigned several specifications of error, but they complain principally of (1) the finding of redhibitory defects in the vehicle sold; (2) the award of damages to plaintiff; (3) the alleged commenting upon the evidence by the judge in the presence of the jury; and (4) the rendition of judgment against H. W. Parson individually.
Without extensively recapitulating the evidence, we are satisfied that the trier of fact, in this case the jury, committed no manifest error in concluding that the vehicle sold to the plaintiff did in fact possess redhibitory vices and defects at the time of the sale. The evidence shows that plaintiff purchased the 1965 Chevrolet Super Sport automobile on April 23, 1968. The first notable trouble plaintiff had with the car occurred on May 3, 1968, when plaintiff had major brake work done on the vehicle by Firestone Stores in Baton Rouge, Louisiana. Plaintiff testified the next trouble he encountered with the vehicle involved its inability to start, as a result of which he took it to Al G. Canova of Highland Auto Repair in Baton Rouge, where it was discovered that the electrical system was improperly wired. Mr. Canova corrected the wiring and recharged the battery on May 22, 1968. Thereafter, plaintiff again brought his automobile to Mr. Canova's shop for adjustment of the valves. Subsequently, plaintiff returned to Highland Auto Repair with a complaint of water in the oil. Mr. Canova testified at this time he detected a small crack in the engine block which he then attributed as the cause of the oil and water mixing. Mr. Canova spoke with defendant H. W. Parson, who, according to Mr. Canova, paid half of the twenty-five dollar bill for the last services rendered with plaintiff paying the balance. Thereafter, the evidence reflects that plaintiff got in touch with Mr. Parson who requested that plaintiff take the automobile to Robinson's Chrysler Plymouth, Inc., in Denham Springs, Louisiana. While the automobile was at Robinson's, there then ensued a disagreement between plaintiff and Mr. Parson as to the proper repairs and payment therefor, as a result of which Mr. Parson instructed the representatives of Robinson's to place the vehicle out of the Service Department. Plaintiff subsequently retrieved his vehicle and ultimately had extensive engine repairs performed by Polk Chevrolet, Inc. of Baton Rouge. The mechanic who performed these repairs testified that the engine block was indeed cracked and this was the cause of the oil and the water mixing.
*76 Defendants offered expert testimony to suggest that the block was cracked as a result of the negligence of one Alvin Thomas whom plaintiff had employed to work on the car. The negligence charged to Thomas was that he improperly replaced the head on the engine after replacing some gaskets and this caused the block to crack. The plaintiff testified that water was mixing with the oil in the engine when he took the car to Thomas and that Thomas sought to correct the condition on the assumption that this condition was due to a leaking gasket. The rebuttal testimony of Mrs. George DeLatte was that the block of the engine was cracked when the vehicle was traded to Robinson's Chrysler Plymouth, Inc. Mrs. DeLatte testified that her husband had formerly purchased the car for their son and that when they traded the car to Robinson's, Mr. John Robinson, President of the corporation, told them the car had a "busted block." The record reflects that the vehicle was sold by Robinson's Chrysler Plymouth, Inc., to H. W. Parson, Inc., thus antedating the sale to plaintiff. Mr. John Robinson was recalled to testify and he denied making such a statement and explained that the only statement he could have made related to the fact that the vehicle had a burned or "busted" piston and not a cracked or bursted block.
As previously stated, and after reviewing the record, we are satisfied that the jury committed no manifest error in concluding that there were redhibitory vices and defects existing in the vehicle at the time of its purchase by plaintiff. We are further satisfied, however, that plaintiff is not entitled to rescission of the sale inasmuch as he secured major engine repairs and is thus not in a position to restore the object of the sale in substantially its condition at the time of the sale thereby returning the parties to the status quo ante. We feel the situation presented in the instant case is indistinguishable from that encountered in Poor v. Hememway, 221 La. 770, 60 So.2d 310 (1952). In Poor the plaintiff who had purchased a sailing yacht subsequently discovered it was unfit due to a condition of rot, whereupon plaintiff sought to return the yacht by tendering it to the seller who refused to accept it. Plaintiff then, instead of instituting suit for rescission of the sale on ground of redhibition,[1] undertook repair of the defective condition. The Supreme Court affirmed the trial court's refusal of plaintiff's demand for rescission on the ground that in accordance with well settled jurisprudence the purchaser must be able to restore the vendor to the position he was in at the time of the sale in order to be entitled to rescission, which the purchaser was unable to do in view of his having undertaken the repair of the vessel, the plaintiffpurchaser being relegated to the action in quanti minoris or for reduction of the purchase price.[2] See, also, Kennedy v. Jacobson-Young, Inc., 244 La. 191, 151 So.2d 368 (1963), distinguishing Poor v. Hemenway, supra, on the ground that in Kennedy no such major overhaul had been commenced on the automobile when it was returned to the defendant-seller.
In order to be entitled to rescission, plaintiff, upon discovery of the redhibitory vices and defects, should tender the object of the sale to the vendor, and if the purchaser undertakes to perform major repairs of the object of the sale as was done by plaintiff in the instant case when he had the engine block repaired, such purchaser loses his right to rescind the sale and is relegated to the action in quanti minoris.
*77 The burden of establishing the amount of any reduction in the purchase price to which a buyer is entitled because of a redhibitory vice is upon the buyer. See Coco v. Mack Motor Truck Corporation, 235 La. 1095, 106 So.2d 691 (1958); Leson Chevrolet Company v. Barbier, 173 So.2d 50 (La.App.4th Cir. 1965). The evidence shows that plaintiff had the major engine work repaired by Polk Chevrolet, Inc., at a cost of $713.56 (plaintiff Exhibit No. 1), which repairs were financed by the plaintiff with Delmont Finance Company at a cost of $1,008 (Plaintiff Exhibit No. 6). Our jurisprudence holds that in a redhibitory action even where the purchaser is not entitled to recover damages because of absence of proof of knowledge at the time of the sale on the part of the seller of the existence of the defect, the purchaser may recover from the seller finance charges as well as the principal amount of the purchase price. Cain v. Rapides Dodge, Inc., 207 So.2d 918, 921 (La.App.3rd Cir. 1968), writ refused, 252 La. 163, 210 So.2d 51. The Louisiana Civil Code expressly provides that the action for a reduction of the purchase price is subject to the same rules and to the same limitations as the redhibitory action.[3]
Accordingly, we will allow plaintiff to recover finance charges for the repairs as well as the principal cost thereof, or the sum of $1,008. We feel plaintiff has likewise proven as proper items for a reduction of the purchase price the cost of the major brake work performed by Firestone Stores on May 3, 1968, in the sum of $121.52 (Plaintiff Exhibit No. 5), in view of the proximity of these needed repairs to the date of purchase of the vehicle on April 23, 1968, as well as the related evidence. We will also allow plaintiff to recover the sum of $7.03 for the bill of Highland Auto Repair (Plaintiff Exhibit No. 8) for the electrical wiring repair and recharging of the battery, being of the opinion the evidence shows this defective wiring set-up existed at the time of the sale. Similarly, we find plaintiff to have proven his right to recover the sum of $23.09 representing the bill of Highland Auto Repair dated May 30, 1968 (Plaintiff Exhibit No. 9), in view of the testimony of Mr. Canova reflecting that this bill was incurred for valve readjustment and was reasonably related to the defective engine block. The same applies to the last bill of Highland Auto Repair dated June 12, 1968, in the sum of $25 (Plaintiff Exhibit No. 2), on which, however, plaintiff already received credit for one half thereof, thus entitling plaintiff to recover an additional $12.50. Plaintiff likewise sought recovery for the expense incurred at Delmont Mobil Service on September 27, 1968, for rear end work in the sum of $114.40 (Plaintiff Exhibit No. 7), but we are of the opinion that plaintiff has failed to prove the existence of this defective condition at the time of the sale, which we note was not corrected until five months thereafter, and we will accordingly not permit recovery of this item. We feel plaintiff has only proven his right to recover in quanti minoris the aforementioned expenses totaling $1,172.14.
With regard to appellant's specification of error concerning the jury's award of damages, we feel appellant's position is well founded. It is clear that damages are recoverable only where the seller knew or at least is charged with constructive knowledge of the defects in the thing sold and omits to declare same,[4] *78 and the burden is upon the buyer to prove existence of such knowledge, Sinquefield v. Yates, 197 So.2d 395 (La.App.2d Cir. 1967). Our review of the record fails to show the existence of any evidence which could reasonably support the jury's apparent finding of such knowledge which is essential to support the jury's award of damages. The record does contain the testimony of the plaintiff to the effect that H. W. Parson, Inc.'s salesman represented the vehicle to be in good running condition, but we are satisfied this amounts to nothing more than a good faith representation as envisioned in Louisiana Civil Code Article 2529,[5] and does not amount to proof of knowledge on the part of the seller of a defect at the time of the sale and omission to declare same, which is the touchstone for awarding damages as provided in Article 2545,[6] or to the situation where the seller declares that the thing sold possesses a quality which he knows it does not possess which is tantamount to a fraudulent misrepresentation and which likewise gives rise to damages as set forth in Article 2547.[7] Having failed to prove knowledge of the redhibitory defects, plaintiff is thus entitled only to his recovery in quanti minoris, and the judgment rendered pursuant to the jury's verdict in excess will be reduced to conform with that award.
Appellants likewise complain that the trial judge improperly commented upon the evidence in the presence of the jury to their prejudice. The incident giving rise to this contention involves the following comment made by the trial judge to counsel for appellants prior to said counsel's questioning the witness, John Robinson, who was recalled to the stand as previously indicated after plaintiff concluded presentation of his rebuttal evidence:
"MR. ERVIN: Call Mr. Robinson.
"THE COURT: Now, this, as I understand it, Mr. Ervin, is not rebuttal but reconstruction of an impeached witness.
"MR. ERVIN: Thank you, sir." (Record, p. 252)
Counsel for appellants argues that this statement by the trial court would reasonably indicate to the jury the trial court's opinion that John Robinson's testimony had been impeached and that he was an impeached witness, thus amounted to an improper commenting on the evidence. We are unable to attribute such opprobrious consequences to this passing remark by the trial court. We feel the trial court obviously merely had reference to the procedural stage of the trial and that he properly charged the jury that it was the sole arbiter of the evidence. We also note that no effort was made by counsel for appellants either at that stage of the trial or in conjunction with the trial court's charging of the jury to bring this matter to the attention of the trial court so that the jury could be expressly admonished to disregard the comment. We feel counsel for appellants should have made his objection before the trial court or if he *79 felt the statement so prejudicial, he should have moved for a mistrial; instead, counsel for appellants was willing to permit the jury to consider the case and only after appellants have received an unfavorable verdict and judgment is this error urged as a basis for reversal and a new trial. We feel under the circumstances appellants waived the objection and cannot now be heard to complain, cf. Louisiana Code of Civil Procedure, Article 1793; Housing Authority of New Orleans v. Gondolfo, 208 La. 1065, 24 So.2d 78 (1945); Bertoli v. Flabiano, 116 So.2d 76 (La.App.1st Cir. 1959).
Appellants' final essential specification of error involves rendition of the judgment against H. W. Parson individually. Appellants contend that the evidence fails to support a judgment against anyone besides H. W. Parson Motors, Inc. We feel this contention is well founded. A review of the record discloses no evidence which would indicate H. W. Parson individually was the seller of this automobile. The bill of sale denominated "Retail Buyer's Order" (Plaintiff Exhibit No. 3) signed by the plaintiff himself clearly reflects the name of the seller as the corporation; and while it is signed or accepted by H. W. Parson, the bold print shows that the order would not be valid unless accepted by an official of the company. The testimony of Mr. Parson as well as that of Mr. Robinson clearly reflects that the car was sold by Robinson's Chrysler-Plymouth, Inc., to H. W. Parson Motors, Inc., the corporation, and not to Mr. Parson individually. There is nothing to reflect that Mr. Parson concealed, disguised or failed to disclose the existence of the corporation and the fact that the corporation was selling the vehicle to plaintiff. Under the circumstances, and in view of the Retail Buyer's Order signed by the plaintiff, the plaintiff either knew or at least is charged with constructive knowledge of the fact that he was dealing with a corporation and not with Mr. Parson individually. Nor does the record contain any evidence to indicate that Mr. Parson individually knew of any redhibitory defects in the vehicle sold or that he assumed any personal liability in connection with the sales transaction so as to give rise to any independent delictual or contractual liability on his part. The mere fact that Mr. Parson is the principal stockholder in the corporation does not per se justify a disregard of the corporate status and imposition of personal liability upon him resulting from this transaction in view of the circumstances. Accordingly, the judgment casting H. W. Parson liable in solido with H. W. Parson Motors, Inc., is erroneous and will be reversed.
In accordance with the foregoing, the judgment will be recast so as to read in pertinent part as follows:
"IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the plaintiff, Freddie Johnson, and against the defendant, H. W. Parson Motors, Inc., in the sum of $1,172.14, with legal interest from April 11, 1969, until paid, and all costs.
"IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that there be judgment herein in favor of defendant, H. W. Parson, dismissing plaintiff's suit against him.
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the expert witness fee of Al G. Canova is hereby set at $45.00 and taxed as costs; that the expert witness fee of Donald Polotzola is hereby set at $35.00 and taxed as costs; and that the expert witness fee of Robert Phillips is hereby set at $35.00 and taxed as costs.
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant, H. W. Parson Motors, Inc., pay all costs of these proceedings."
Reversed in part, affirmed in part and rendered.
NOTES
[1] Louisiana Civil Code Article 2520:

"Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice."
See, also, Articles 2521 through 2548.
[2] Louisiana Civil Code Articles 2541 through 2544.
[3] Louisiana Civil Code Article 2544:

"The action for a reduction of price is subject to the same rules and to the same limitations as the redhibitory action."
[4] Louisiana Civil Code Article 2545:

"The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of price and repayment of the expenses, including reasonable attorneys' fees, is answerable to the buyer in damages."
A manufacturer is presumed to have knowledge of defects in the thing he manufactures and is charged with imputed or constructive knowledge, see Radalec, Inc. v. Automatic Firing Corporation, 228 La. 116, 81 So.2d 830 (1955).
[5] Louisiana Civil Code Article 2529:

"A declaration made in good faith by the seller, that the thing sold has some quality which it is found not to have, gives rise to a redhibition, if this quality was the principal motive for making the purchase."
[6] See Footnote 4, supra.
[7] Louisiana Civil Code Article 2547:

"A declaration made by the seller, that the thing sold possesses some quality which he knows it does not possess, comes within the definition of fraud, and ought to be judged according to the rules laid down on the subject, under the title: Of Conventional obligations.
"It may, according to the circumstances, give rise to the redhibition, or to a reduction of price, and to damages, including reasonable attorneys' fees, in favor of the buyer."